UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Johnny M. Vanover, | ) C/A No. 4:14-277-DCN-TER |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| Raia Hirsch; | ) |
| Jeanette W. McBride; | ) REPORT AND RECOMMENDATION |
| Theodore N. Lupton; | ) |
| Walter Shawn McDaniel; | ) |
| David Unger; | ) |
| Reynoldo Crofy; | ) |
| Randy Benson; | ) |
| Larry Crutchlow; | ) |
| Luis Diaz, and | ) |
| Jimmy Wilder, in their individual and official capacity, | ) |
| | ) |
| Defendants. | ) |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## **BACKGROUND**

Plaintiff asserts that he was maliciously prosecuted on state criminal charges arising from a domestic altercation between him and his common-law wife.[1] Following investigation of the

---

[1] To the extent that Plaintiff's allegations could be liberally construed as also stating a potential § 1983 claim of "false arrest," no plausible claim is stated because facially valid arrest warrants were issued based on the domestic violence-related allegations against him, *see Dorn v. Prosperity*, 375 F. App'x 284, 286-88 (4th Cir. 2010), and Plaintiff pleaded guilty to the pointing and presenting charges that were derived from the original attempted murder charges. Also, as a

(continued...)

altercation by officers of the Richland County Sheriff's office, Plaintiff was indicted by a grand jury on two counts of attempted murder and one count of pointing and presenting a firearm ("pointing/presenting"). He ultimately pleaded guilty to two counts of pointing/presenting and was sentenced to consecutive five-year terms on each count. The second sentence was suspended to two years, and a one-year probationary period was ordered.

Plaintiff now contends that his guilty plea was not properly knowing and informed and that the two sentences he received for the "same conduct" resulted in double jeopardy violation. He alleges that he was told that he faced mandatory thirty-year sentences on the attempted murder charges so he agreed to the plea without being informed of the double jeopardy issue. Plaintiff further alleges that Defendants Hirsch (the Assistant Solicitor assigned to his criminal case), McBride (the Clerk of Court for Richland County), and Lupton (Plaintiff's court-appointed defense counsel) conspired to convict him in violation of his constitutional rights against double jeopardy. He also contends that the remaining Defendants, all Richland County Sheriff's Office deputies, falsified their investigative reports about the shooting incident and also submitted false affidavits to obtain the arrest warrants issued in the criminal case arising from the same incident. He further alleges that the law-enforcement Defendants threatened the alleged victims/witnesses to obtain their cooperation in the prosecution against him.

---

[1](...continued)
result of the guilty plea, it cannot be said that the original charges resulted in a favorable termination to him, which is an element of a plausible false arrest claim. *See Walker v. Schaeffer*, 854 F.2d 138, 143 (6th Cir. 1988); *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986); *Martin v. Delcambre*, 578 F.2d 1164, 1165 (5th Cir. 1978); *see also  Stokes v. Moorman*, No. 9:10-1711-CMC, 2010 WL 3862568, at *5 (Aug. 17, 2010)(collecting cases holding that dismissal of charges for reasons other than innocence of defendant is not favorable termination), *adopted by* 2010 WL 3834470 (D.S.C. Sept. 27, 2010), *aff'd*, 406 F. App'x 823 (4th Cir.), *cert. denied*, 180 L. Ed.2d 825, 131 S. Ct. 2994 (2011).

Plaintiff seeks damages from all Defendants for his continued confinement on the allegedly unconstitutional sentences.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff's Complaint is subject to summary dismissal as to all Defendants based on the

United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges,[2] the Court stated:

> We hold that, in order to recover damages [or other relief][3] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added). Plaintiff's suit against state actors claiming unconstitutional confinement fall within the coverage of § 1983.

[3]*See Johnson v. Freeburn*, 29 Fed. Supp.2d 764, 772 (S.D. Mich. 1998)(under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought).

on the conviction and related matters will be barred.[4] The limitations period for any such post-trial civil rights action will not begin to run until the cause of action accrues, *i.e.*, until the conviction is set aside; therefore, a potential § 1983 plaintiff does not have to worry about the running of the statute of limitations while he or she is taking appropriate steps to have a conviction overturned. *See Wallace v. Kato*, 549 U.S. at 391-92; *Benson v. N. J. State Parole Bd.*, 947 F. Supp. 827, 830 (D. N.J. 1996)(following *Heck v. Humphrey* and applying it to probation and parole revocations "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-88 (E.D. Va. 1994).

Although this court is not aware of any attempts made by Plaintiff in the South Carolina state court to overturn his guilty plea and resulting sentences, because he is still incarcerated on those sentence, it is clear that he has not yet been successful in such attempts. Plaintiff's allegations of wrongdoing and conspiracy to violate constitutional rights by several participants in his criminal prosecution, if true, would necessarily invalidate his conviction. Accordingly, under *Heck*, he cannot state a plausible § 1983 claim against any of the Defendants based on their involvement in his prosecution and ultimate conviction, and this case is subject to summary dismissal as to all Defendants without issuance of service of process.

Additionally, to the extent that Plaintiff alleges that he is also suing Defendants for "conspiracy" under 42 U.S.C. § 1985, the Complaint under review is subject to summary dismissal

---

[4] It has been held that *Heck* does not apply in the context of claims of unconstitutionality in *on-going* criminal cases. *Wallace v. Kato*, 549 U.S. 384 (2007). However, this case involves an already completed criminal prosecution and complaints about how it was conducted, thus *Wallace* is inapplicable and *Heck* controls. *See supra* note 1, explaining that no plausible § 1983/false arrest claim is stated due to Plaintiff's conviction and the issuance of facially valid arrest warrants.

as to all Defendants because there is nothing in the Complaint indicating that any of Defendants' actions arose from intentional race or class-based discrimination against Plaintiff. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (finding that "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" to state a cause of action under 42 U.S.C. §1985). The Supreme Court has not extended the reach of §1985 to classifications based upon a characteristic other than race. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269-70 (1993) (declining to extend the class of individuals covered under §1985 to women seeking an abortion). *But cf. Ward v. Conner*, 657 F.2d 45, 49 (4th Cir. 1981)(finding Plaintiff had asserted a viable complaint under §1985 for religious discrimination).

Moreover, even if *Heck* and the lack of any indication of race or class-based discrimination did not completely bar Plaintiff's Complaint, to the extent that it seeks damages for alleged "unjust incarceration" from Richland County Assistant Solicitor Hirsch, it is barred by the well-established legal doctrine of prosecutorial immunity. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. Const., art. V, § 24; S.C. Code Ann, § 1-7-310. Solicitors are elected by voters of a judicial circuit and have absolute immunity for their prosecution-related activities in or connected with judicial proceedings. Such protected activities include, but are not limited to, prosecutorial actions and decisions related to the prosecutor's participation in a criminal trial, bond hearings, grand jury proceedings, pre-trial motions hearings, and ancillary civil proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Hart v. Jefferson County*, No. CIV. 93–1350–FR, 1995 WL 399619 (D. Ore. June 15, 1995)(allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity). Of particular importance in this case is the fact that it is well

settled in this Circuit that prosecutors are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute," *Lyles v. Sparks*, 79 F. 3d 372, 377(4th Cir. 1996), and whether or not to go forward with a prosecution. *See Springmen v. Williams*, 122 F. 3d 211, 212-13 (4th Cir. 1997).

Plaintiff's claims about the way the plea bargain he entered was structured to include entry of nolle prosequi on the two originally indicted attempted murder charges and then direct-filing by Hirsch of one of the two pointing/presenting charges to which he pleaded go directly to Hirsch's clearly prosecutorial decisions about when and how to prosecute and whether to even go forward with the prosecution. Such decisions are purely prosecutorial functions and they are absolutely immune from damages claims such as those asserted by Plaintiff in this case. *Springmen*; *Lyles*. Plaintiff is not entitled to recover any damages from Defendant Hirsch based on her performance of these functions, and the Complaint is should be summarily dismissed insofar as it seeks such damages.

Further, Plaintiff's claims for damages against the Richland County Clerk of Court, Defendant McBride, based on her receipt and filing of the nolle pros on the attempted murder charge and acceptance and filing of the direct-filed second pointing/presenting charge are also barred by the Defendant's immunity. County Clerks of Court, though elected by the voters of a county, are also part of the State of South Carolina's unified judicial system. *See* S.C. Const. Art. V, § 24; § 14-1-40, S. C. Code Ann. § 14-17-10.  In the case under review, Defendant McBride, the Clerk of Court for Richland County, has quasi-judicial immunity from a § 1983 damages claim because Plaintiff's allegations against her  show that she was following rules of a court, or was acting pursuant to authority delegated by a court to Clerk's Office personnel when she accepted and filed

the disputed charging documents. *See Cook v. Smith*, 812 F. Supp. 561, 562(E.D. Pa. 1993); *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981). In *Mourat v. Common Pleas Court of Lehigh County*, the district court rejected claims similar to those raised by Plaintiff in this case:

> In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune." We have here quoted from *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969). If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court. See *Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D.Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D.Pa.1973); *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D. Pa.1954), *aff'd per curiam on other grounds*, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

515 F. Supp. at 1076; *see also Dieu v. Norton*, 411 F.2d 761, 763 (7th Cir. 1969)("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, *supra*."). The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel such as Defendant McBride because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992)(quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989)); *see also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel).

Finally, the Complaint also fails to state plausible § 1983 or § 1985 claims against Defendant Lupton, the public defender who represented him during his Richland County criminal prosecution. In order to state a cause of action under § 1983, a plaintiff must allege that: (1) the defendant(s)

8

deprived him or her of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The United States Supreme Court has determined that "a public defender does not qualify as a state actor when engaged in his general representation of a criminal defendant." *Georgia v. McCollum*, 505 U.S. 42, 53 (1992).[5] The Court also held in *Polk County v. Dodson*, 454 U.S. 312 (1981), that the adversarial relationship of a public defender with the state prevented the attorney's public employment from alone being sufficient to support a finding of state action. Plaintiff's allegations do not establish that Defendant Lupton acted under color of state law or with a racially or class-based discriminatory intent, and, as a result, Plaintiff cannot maintain a § 1983 or § 1985 action against him. Plaintiff has alleged no more than potential legal malpractice against Lupton, and it is settled that a § 1983 action may not be based alone on a violation of state law or on a state tort such as negligence. *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988); *see West v. Atkins*, 487 U.S. 42, 48 (1988)(to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States); *Kendall v. City of Chesapeake*, 174 F.3d 437, 440 (4th Cir. 1999)(same).

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice. See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary

---

[5] In *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982), the Court held that the statutory requirement of action "under color of state law" is identical to the "state action" requirement for other constitutional claims.

dismissal).

   Plaintiff's attention is directed to the important notice on the next page.

                   s/Thomas E. Rogers, III
                    Thomas E. Rogers, III
                    United States Magistrate Judge

April 2, 2014
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).